UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>STEVEN GUY DESJARLAIS-FROST,<br><br>Defendant(s). | Case No. 2:16-CR-177 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant Steven Guy Desjarlais-Frost's motion to reconsider. (ECF No. 15).[1] The government filed a response. (ECF No. 16).

**I.   Background**

On June 8, 2016, the government filed an indictment charging defendant with seven counts of felony in possession of a firearm in violation of 18 U.S.C. § 924(g)(1) and (a)(2). (ECF No. 1). Defendant made an initial appearance on June 13, 2016, and entered a plea of not guilty to courts one through seven of the indictment. (ECF No. 7). Defendant was ordered detained pending trial and remanded to custody. (ECF No. 7).

On June 16, 2016, Magistrate Judge Hoffman entered a detention order pending trial. (ECF No. 13). In that order, the magistrate held as follows:

> Based on the information as set forth in the government's proffer, as well as the information provided to the Court by Pretrial Services, the Court finds the defendant poses a substantial risk of danger to the community and a substantial risk of nonappearance. The defendant's prior criminal history record reflects two prior

---

[1] Defendant's motion, improperly titled "Appeal of Magistrate Judge's Order Detaining Mr. Desjarlais-Frost," is noncompliant with LR IB 3-5, which provides that "[a] motion under 18 U.S.C. § 3145(a) or (b) seeking review of a magistrate judge's release or detention order must be titled 'Review of Magistrate Judge's Release (or Detention) Order.'" LR IB 3-5. Defendant shall ensure that future filings comply with all applicable local and federal rules.

**James C. Mahan**
**U.S. District Judge**

> felony convictions, a prior misdemeanor conviction, seven prior failures to appear and two prior probation violations. Additionally, the defendant has used two social security numbers. The Court finds there are no conditions or combination of conditions that the Court could fashion at this time that would reasonably protect the community against the risk of danger posed by the defendant or assure the defendant's appearance at future court proceedings, accordingly, the defendant is ordered detained pending trial.
>
> . . .
>
> I find that the credible testimony and information submitted at the [detention] hearing established by clear and convincing evidence that the defendant is a danger to the community and by a preponderance of the evidence that the defendant is a risk of flight and no condition or conditions will reasonably assure the safety of the community or the appearance of the [d]efendant.

(ECF No. 15 at 2).

In the instant motion, defendant moves for reconsideration of Magistrate Judge Hoffman's detention order pending trial (ECF No. 13). (ECF No. 15).

## II.     Legal Standard

Title 18 U.S.C. § 3145(b) provides that "[i]f a person is ordered detained by a magistrate judge . . . the [detained] person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). "Any party seeking review of a release or detention order by a district judge must, within 14 days from the date of service of the release or detention order, file and serve a motion for review." LR IB 3-5.

"The district judge must conduct a *de novo* review, and it may, but need not, hold an evidentiary hearing to make this determination." LR IB 3-5; *see also United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir. 1990). The court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Koenig*, 912 F.2d at 1193.

Pursuant to 18 U.S.C. § 3142(e), the court must detain a defendant if it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Subsection (g) sets forth a list factors for the court to consider in determining whether detention is necessary: "(1) [t]he nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and

James C. Mahan
U.S. District Judge

- 2 -

seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

**III.    Discussion**

In the instant motion, defendant argues that the evidence proves that he is not a danger to the community and that he does not pose a risk of non-appearance at future proceedings. (ECF No. 15 at 1). In particular, defendant asserts that "when the firearms were located, five of the seven were unobtainable by [him]" because they were locked in a safe. (ECF No. 15 at 2). Defendant further maintains that "[a]ll of his ties are to the community in Las Vegas, including his family[,]" and that he would immediately seek employment upon release. (ECF No. 15 at 2).

In response, the government contends that detention is warranted as the instant case arises from defendant's using social media to sell semiautomatic firearms and accessories. (ECF No. 16 at 1). In support, the government provides screenshots of defendant's advertisements. The government asserts that defendant has a history of violence, gang membership and fraud. (ECF No. 16 at 6).

Upon considering the factors set forth in 18 U.S.C. § 3142(g) and reviewing the evidence before the magistrate, the court finds that no condition or combination of conditions will reasonably assure defendant's appearance and the safety of the community. Defendant is charged with seven counts of felony in possession of a firearm. (ECF No. 1). Defendant's criminal history includes, *inter alia*, two prior felony convictions and seven prior failures to appear. Thus, the court will deny defendant's motion to reconsider the magistrate's detention order pending trial.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to reconsider (ECF No. 15) be, and the same hereby is, DENIED.

DATED December 29, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**