UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:16-cr-177-JCM-PAL |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| STEVEN GUY DESJARLAIS-FROST, | |
| Defendant. | |

Presently before the court is petitioner Steven Guy Desjarlais-Frost's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 57). The government filed a response. (ECF No. 59). Petitioner did not file a reply and the time to do so has passed.

On December 19, 2017, the court sentenced petitioner to forty-six months of custody to be followed by three years of supervised release for being a felon in possession of a firearm. (ECF No. 53). The next day, the court entered judgment and closed the case. (ECF No. 56). Petitioner did not appeal. On February 1, 2019, petitioner filed the instant motion to vacate. (ECF No. 57).

On June 27, 2019, the court issued an order holding that (1) the statute of limitations bars petitioner's claims and (2) petitioner waived his § 2255 claim, which is a collateral attack on his sentence, in the plea agreement. (ECF No. 60). The court further held that petitioner would have fourteen days to show cause as to why the court should not dismiss his § 2255 motion for having been untimely filed and being barred by the collateral attack waiver in his plea agreement. *Id.* More than fourteen days have passed and petitioner has not filed a brief or any other document with the court. Accordingly, the court will deny petitioner's § 2255 motion on the grounds provided in the courts June 27, 2019, order (ECF No. 60).

The court also declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
>
>   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial

of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. *See id.* Therefore, the court will not issue a certificate of appealability.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 57) be, and the same hereby is, DENIED.

The clerk is directed to enter a separate civil judgment denying petitioner's § 2255 motion in the matter of *Desjarlais-Frost v. United States*, case number 2:16-cr-00177-JCM-PAL.

DATED: July 22, 2019

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE